IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAULA ACKERMAN, et al.,

    Plaintiffs,

    v.

MCKESSON CORPORATION and SMITHKLINE BEECHAM CORPORATION,

    Defendants.

No. C 13-3049 MMC

**ORDER GRANTING DEFENDANT SMITHKLINE BEECHAM CORPORATION'S MOTION TO STAY; VACATING AUGUST 16, 2013 HEARING**

    Before the Court is defendant Smithkline Beecham Corporation's ("defendant") Motion, filed July 10, 2013, to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation to MDL 1871 (E.D.PA).  Plaintiffs have filed opposition, to which defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for August 16, 2013, and rules as follows.

    The instant complaint "involves claims of death, personal injury, economic damages, punitive damages, and other claims of damage arising from the use of [Avianda][1]"

---

[1] "Avianda" is one of several trade names for the pharmaceutical compound Rosiglitazone.  (See Compl. ¶ 1.)

(see Compl. ¶ 1) brought on behalf of eighty-eight named plaintiffs. A number of complaints raising similar claims are pending in a coordinated proceeding in the Eastern District of Pennsylvania, titled In re: Avandia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1871. (See Mot. Exs. A & B.) On July 9, 2013, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred the instant action to the Eastern District of Pennsylvania. See In re: Avandia Marketing, Sales Practices and Products Liability Litigation, MDL No. 1871, Doc. No. 1022. On July 25, 2013, plaintiffs filed their motion to vacate the conditional transfer order, see id., Doc. No. 1093; defendant's response thereto is due no later than August 19, 2013, see id., Doc. No. 1040. Defendant asks the Court to stay proceedings in the instant action pending the JPML's determination as to whether the instant action will be transferred.

Other than defendant's motion to stay, the only matter pending before the Court is plaintiffs' motion to remand, also noticed for hearing August 16, 2013. Accordingly, the issue now presented is, in effect, whether the Court should consider the merits of plaintiffs' motion to remand, or, instead, stay the instant action, with the understanding that, in the event of transfer, the motion will be heard by the transferee court.

Because a decision as to whether the instant action will be transferred will, in all likelihood, be made shortly by the JPML, the stay sought by defendant likely will be of limited duration. In light of the anticipated brevity of the stay, and no significant prejudice resulting from such stay having been identified by plaintiffs, the Court, in the interests of conserving judicial resources and promoting consistency in the determination of common issues,[2] finds a stay of the proceedings is appropriate. See Rivers v. Walt Disney Co., 980

---

[2] The issues presented by plaintiffs' motion to remand are whether McKesson Corporation is fraudulently joined as a defendant and whether the case is removable as a collective action. The same issues have been raised in motions to remand filed in a number of other actions that are currently pending in this district and have been stayed pending a decision by the JPML as to transfer to the Eastern District of Pennsylvania. See, e.g., Flores v. McKesson Corp., C. 13-3153 (Doc. No. 18); Tarango v. McKesson Corp., C. 13-3070 (Doc. No. 17); Harrison v. McKesson Corp., 13-3045, (Doc. No. 13); Myers v. McKesson Corp., C. 13-3096, (Doc. No. 11); Allender v. McKesson Corp., C. 13-3068 (Doc. No. 18); Allen v. McKesson Corp., C. 13-3110 JSW (Doc. No. 20); Hargrove v.

F. Supp. 1358, 1360 (C.D. Cal 1997) (identifying factors for court to consider when determining whether to stay action pending decision by JPML).

Accordingly, defendant's motion for a stay is hereby GRANTED.

In light of the stay, the August 16, 2013 hearing on plaintiffs' motion to remand is hereby VACATED.

**IT IS SO ORDERED.**

Dated:  August 12, 2013

MAXINE M. CHESNEY
United States District Judge

---

McKesson Corp., C. 13-3114 (Doc. No. 20); Poff v. McKesson Corp., C. 13-3115 (Doc. No. 21); Adams v. McKesson Corp., C 13-3102 (Doc. No. 19); and Alvarez v. McKesson Corp., C. 13-3112 (Doc. No. 18).